**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

VAILA SALINA, on behalf of herself
and all others similarly situated,

                                                        Docket No:

              Plaintiff,

   -against-                                        **CLASS ACTION COMPLAINT**

PORTFOLIO RECOVERY ASSOCIATES, LLC,

            Defendant(s).
_____/

Plaintiff VAILA SALINA (hereinafter, "Plaintiff"), a New York resident, brings this class action

complaint by and through her attorney, Subhan Tariq, Esq., against Defendant PORTFOLIO

RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), individually and on behalf of a

class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure,

based upon information and belief of Plaintiff's counsel, except for allegations specifically

pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §

1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute

to the number of personal bankruptcies, to material instability, to the loss of jobs, and to

invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re

inadequate to protect consumers," and that "the effective collection of debts" does not require

"misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive

1

debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining

that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave

consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §

1692k.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. §

1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the

state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits

debt collectors from engaging in abusive, deceptive and unfair practices.

7.      Plaintiff is seeking damages, and declaratory and injunctive relief.

### PARTIES

8.      Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer"

as defined by 15 U.S.C. §1692a(3).

9.      Defendant is a collection agency with its principal office located in Norfolk, Virginia.

10.     Defendant is a company that uses the mail, telephone, and facsimile and regularly

engages in business, the principal purpose of which is to attempt to collect debts alleged to be

due another.

11.     Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12.     In 2015, the Consumer Financial Protection Bureau ("CFPB") penalized Portfolio Recovery Associates, LLC roughly $27 million, in conjunction with a consent order with Portfolio Recovery Associates, for Portfolio Recovery Associates' rampant violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692 et seq.

## CLASS ALLEGATIONS

13.     Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

a)  All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed or allegedly owed that contains the Defendant's violation of 15 U.S.C. §1692e, *et seq.*

b)  The Class period begins one year to the filing of this Action.

14.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a)  Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that are sent to hundreds of persons (See **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not

4

otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO VAILA SALINA

14.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16.    Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a collection letter to Plaintiff seeking to collect on an unpaid account allegedly owed originally to Synchrony Bank.

17.    On or around March 26, 2018, Defendant sent Plaintiff a collection letter (hereinafter, the "Letter"). (See **Exhibit A**).

18.    The Letter was sent or caused to be sent by a person or persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19.    The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20.    The Letter was an initial communication between Plaintiff and Defendant.

21.    The Letter states in pertinent part: "*Account Transferred to Litigation Department*."

22.    The Letter states in pertinent part: "*Your account has been transferred to the Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account*."

23.    As set forth in the following, Defendant violated the FDCPA.

**CAUSE OF ACTION**
**15 U.S.C. §1692e**
**False, Deceptive and Misleading Representation in**
**Connection with the Collection of Any Debt**

23.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

24.    15 U.S.C. § 1692e prohibits false or misleading representations generally.

25.    15 U.S.C. § 1692e specifically prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney.

26.    The written notice, to comply with 15 U.S.C. § 1692e, must not falsely, deceptively, or misleadingly represent or imply that any communication is from an attorney, from the perspective of the least sophisticated consumer.

27.    Safe harbor/disclaimer language such as "*At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account*" does not protect debt collectors from FDCPA liability if that language is inaccurate, misleading, or deceptive. "[D]ebt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the Miller safe harbor language without regard for whether that language is

6

accurate under the circumstances" Boucher et al v. Finance System of Green Bay Inc, No. 1:2017cv00132 - Document 24 (E.D. Wis. 2017). The Third Circuit agrees: "[T]he use of conditional language does not insulate a debt collector from liability." Brown v. Card Serv., Ctr., 454-55 F.3d 450 (3d Cir. 2006). "This holding is in line with other Circuit Courts. See Gonzales v. Arrow fin. Servs., LLC, 660 F.3d 1055, 1062-63 (9th Cir. 2011) ("Conditional [**22] language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability."); Leblanc, 601 F.3d at 1196 (rejecting a debt collector's reliance on the use of conditional language "in an effort to safeguard the letter from being construed as 'threatening'"). (As cited in Pollak v. Portfolio Recovery Assocs., LLC, 285 F. Supp. 3d 812.)

28.    "Because the FDCPA is a remedial statue, we construe its language broadly so as to effect its purpose." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011). Accordingly, communications from lender to debtors are analyzed from the perspective of the "least sophisticated debtor." Brown v. Card Serv., Ctr., 464 F.3d 450 (3d Cir. 2006) "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. at 453.

29.    Rather than clarifying the issue of whether there is an imminent threat of litigation, the disclaimer language immediately after the statement informing Plaintiff that her account has been transferred to the "Litigation Department" would only serve to confuse and intimidate the least sophisticated consumer, who could not be blamed for assuming the proverbial "price of poker has just gone up" due to the threat of litigation ("*Your account has been transferred to the*

*Litigation Department.*") ("*At* **this** *time*") Avila v. Rubin, 84 F. 3d 222 - Court of Appeals, 7th Circuit 1996.

30.    The aforementioned statement regarding the account being transferred to the Litigation Department has an implication and intent that directly contradicts the disclaimer language that immediately follows. As in *Brown v. Card Serv., Ctr.*, 464 F.3d 450 (3d Cir. 2006), *supra*, Plaintiff urges that a collection letter is deceptive where it can be reasonably read to have two or more different meanings.

31.    The Letter is clearly in violation of 15 U.S.C. § 1692e; it contains material statements that mislead. The decisions of the least sophisticated consumer would be influenced by a collection letter informing them that their account has been transferred to a Litigation Department. Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009).

32.    The Letter, because of the aforementioned violations, would render the least sophisticated consumer unable to determine whether the threat of litigation was imminent.

33.    The least sophisticated consumer could reasonably believe that Defendant was preparing and/or threatening to commence a law suit against them in regard to the alleged debt owed.

34.    There is evidence that this is false: that Defendant did not intend to sue Plaintiff at the time it issued this letter.

35.    In Pollak v. Portfolio Recovery Assocs., LLC, 285 F. Supp. 3d 812, *supra*, a strikingly similar collection letter from the Defendant in the instant action was at issue and the U.S. District Court of New Jersey noted the following in their Decision:

> "Despite the conditional language, a reasonable juror could read the phrases
> "potential litigation" and "we are not obligated to renew this offer" in the LL1
> Letter as intimating a lawsuit will follow immediately after the deadline

articulated in the letter. *See Brown*, 464 F.3d at 454-55 (clarifying that the use of

conditional language does not insulate a debt collector from liability); *Gonzales*,

660 F.3d at 1062-63 ("Conditional language, particularly in the absence of any

language clarifying or explaining the conditions, does not insulate a debt collector

form liability); *Leblanc*, 601 F.3d at 1196 (rejecting a debt collector's reliance on

the use of conditional language "in an effort to safeguard the letter from being

construed as 'threatening'")."

36.    The Court further noted that:

> "Here, much like in Nance and Newman, not only did PRA not intend to file suit
>
> at the time it sent the LL1 Letter, but it was not authorized to file suit at such time.
>
> The undisputed evidence demonstrates that if PRA's debtors do not respond to the
>
> LL1 [*833] Letter, PRA's Litigation Department automatically seconds the LL2
>
> Letter. (ECF No. 50-2 ¶ 14.) The LL2 Letter is always sent prior to initiating a
>
> lawsuit if the debtor failed to respond to the LL1 letter, dispute the amount, or
>
> make any payment. (See ECF No. 52-9 at 43-46.) Only if the LL2 Letter goes
>
> unanswered is the account referred to an attorney, who, for the first time, reviews
>
> the file prior to initiating a lawsuit." *Id.*

37.    As such, Defendant's representation and implication in stating that Plaintiff's account had

been transferred to the Litigation Department was false, in violation of 15 U.S.C. § 1692e.

38.    The Defendant's violation is purposeful.

39.    In order to induce payments from consumers that would not otherwise be made,

Defendant creates a sense of urgency by implying that litigation is imminent ("*transferred to the*

*Litigation Department*").

9

40.     In order to induce payments from consumers that would not otherwise be made, Defendant implies that this threat of litigation is contingent on the consumer making payments in response to the Letter ("*At* **this** *time, no attorney…*").

41.     The Letter would likely make the least sophisticated consumer confused as to the threat of imminent litigation, in violation of 15 U.S.C. § 1692e.

42.     Defendant's conduct violated 15 U.S.C. § 1692e. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

43.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

44.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

45.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

46.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

47.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights; the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, and therefore these materially misleading statements trigger liability under section 1692e of the Act.

10

49.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

50.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to fear, stress, mental anguish, emotional stress, and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and The Tariq Law Firm, PLLC as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 5, 2018

11

Respectfully submitted,

__s/Subhan Tariq_____
Subhan Tariq, Esq.
Attorney I.D. No. ST9597
The Tariq Law Firm, PLLC
68 Jay Street – Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com
**Attorney for Plaintiff**

To:

Portfolio Recovery Associates, LLC
140 Corporate Boulevard
Norfolk, VA 23502
(via Prescribed service)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(For Filing purposes)

12